IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OLEG S. PETRASHOV,<br><br>            Plaintiff,<br><br>v.<br><br>HIT WEB DESIGN; HERITAGE WEB SOLUTIONS,<br><br>            Defendants. | **REPORT AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE UNDER FED. R. CIV. P. 4(m) FOR FAILURE TO SERVE DEFENDANTS PROPERLY OR IN A TIMELY MANNER**<br><br>Case No.  2:14-cv-00269-DAK-EJF<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Evelyn J. Furse |

### A. Background

On April 7, 2014, *pro se* Plaintiff Oleg S. Petrashov filed this case against Hit Web Design and Heritage Web Solutions ("Defendants"). (ECF No. 1.) Mr. Petrashov should have served the Complaint by August 5, 2014. He did not. The Court held a hearing on September 30, 2014, at which it explained to Mr. Petrashov that he needed to serve Defendants before the case could proceed. (ECF No. 6.) The Court gave Mr. Petrashov leave to file an amended complaint. (ECF No. 6.) Mr. Petrashov filed an Amended Complaint on October 1, 2014. (ECF No. 7.) Mr. Petrashov never filed proof of service of the Amended Complaint, and Defendants have never appeared in this matter. The time for service of the Amended Complaint ran with no service on Defendants.

Mr. Petrashov filed a Motion to Produce Documents and Issue Subpoena on November 4, 2014. (ECF No. 9.) The Court denied his Motion to Produce Documents and Issue Subpoena because Mr. Petrashov had not served Defendants with the Amended Complaint. (ECF No. 18.) The Court granted Mr. Petrashov until August 24, 2015 to serve Defendants. (ECF No. 18.) The

Court informed Mr. Petrashov that failure to serve Defendants by August 24, 2015 would result in a report and recommendation to the District Judge to dismiss the case. *Id.* Mr. Petrashov did not serve the Defendants by August 24, 2015.

Ten days after the court-issued deadline to serve Defendants with the Amended Complaint, Mr. Petrashov filed a proof of service for the Summons on September 3, 2015, which he indicated he personally served the summons. (ECF No. 21.) The Summons lacks certain information, including where to serve the answer or motion in response, the signature of the Clerk, the Court's seal, the name of the individual served, the date of service, the location of service, and whether it included the Amended Complaint. (*See* ECF No. 21.) The filing does include three sales receipts from the post office. *Id.* Mr. Petrashov filed additional summonses on October 5, 2015, along with other documents, that suffer from similar problems. (ECF No. 23.) As of today, Mr. Petrashov has not served the Defendants with the Amended Complaint in accordance with Rule 4.

### A. Failure to Serve Defendants In a Timely Manner

Under the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court. . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff does not serve the defendant within 120 days, the Court must follow a two-step analysis to determine whether the Court should grant a permissive extension. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, the Court should determine whether the plaintiff has good cause for delay in effecting service. *Id.* "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). However, if the plaintiff fails to show good cause, the Court must consider whether to grant a

permissive extension.  *Espinoza*, 52 F.3d at 841.  The Court "may in its discretion either dismiss the case without prejudice or extend the time for service."  *Id.*  The Court generally considers the following factors:

1. Expiration of the statutes of limitations;
2. Plaintiff's efforts to effect service properly;
3. Notice to the defendant;
4. Prejudice to the defendant; and
5. The complexity of the federal rules, particularly when the plaintiff proceeds pro se.

*Hernandez v. USF Reddaway*, No. 2:12CV475, 2013 WL 4430947 *2 (D. Utah Aug. 16, 2013) (quotations omitted) (citing *Espinoza*, 52 F.3d at 840-42).

Mr. Petrashov has not shown good cause for the failure to effect service in a timely manner.  Mr. Petrashov should have served his Complaint no later than December 30, 2014, 120 days after filing suit.  The Court granted Mr. Petrashov until August 24, 2015 to serve Defendants and informed Mr. Petrashov that failure to serve Defendants by the extended date would result in a report and recommendation to the District Judge to dismiss the case.  (ECF No. 18.)  Mr. Petrashov failed to serve Defendants by August 24, 2015.

Although Mr. Petrashov filed a proof of service for the Summons on September 3, 2015, Mr. Petrashov filed the Summons ten days after the court-issued deadline and the Summons was defective.  (ECF No. 21.)  Mr. Petrashov has not provided any argument to show good cause for his failure to effect service in a timely manner.  Additionally, because Mr. Petrashov failed to include the necessary information, he violated Rule 4.  Fed. R. Civ. P. 4.  Mr. Petrashov's October Sommonses were likewise defective.  (ECF No. 23.)  In addition to the lack of information, Mr. Petrashov may serve the summons and complaint by mail "provided the

defendant signs a document indicating receipt." Utah R. Civ. P. 4(d)(2)(A). Mr. Petrashov has not filed anything indicating that the Amended Complaint was served on Defendants or suggesting that Defendants have received the Summons and Amended Complaint. Accordingly, Mr. Petrashov still has not served the Defendants for purposes of Rule 4.

Because Mr. Petrashov has not shown good cause for his failure to effect service in a timely manner, the Court has discretion in determining whether to grant a permissive extension. The factors considered weigh against granting Mr. Petrashov an extension to effect service. First, the Court previously granted a generous extension for Mr. Petrashov to serve Defendants, and Mr. Petrashov failed to serve Defendants within the extension period. Although he knew that failure to effect service would result in a report and recommendation to dismiss his case, Mr. Petrashov has shown no effort to effect timely service. Second, Defendants have never appeared in this matter, and nothing suggests Defendants have notice of the federal lawsuit. Third, although Mr. Petrashov proceeds pro se, "[a] pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993). Mr. Petrashov has not complied or shown an effort to comply with the federal rules for timely service.

**B. Recommendation**

Based on the foregoing, the undersigned Magistrate Judge finds no reason to grant a permissive extension and RECOMMENDS the District Judge dismiss the Complaint without prejudice under Fed. R. Civ. P. 4(m) for failure to serve Defendants properly and in a timely manner.

The Court will send copies of this Report and Recommendation to the parties, and notifies them of their right to object to the same. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

72(b)(2). The Court further notifies the parties they must file any objection to this Report and Recommendation with the clerk of the court within fourteen (14) days after being served with a copy thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of November, 2015.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge